UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GLENN E. ALPHONSE, JR.** | * | **CIVIL ACTION NO.: 12-330** |
| | * | |
| vs. | * | |
| | * | **JUDGE: HELEN G. BERRIGAN** |
| **ARCH BAY HOLDINGS, LLC,** | * | |
| **DEUTSCHE BANK NATIONAL** | * | **SECTION 'C'** |
| **TRUST COMPANY, AS INDENTURE** | * | |
| **TRUSTEE OF THE ARCH BAY** | * | **MAG. KAREN WELLS ROBY** |
| **ASSET-BACKED SECURITIES** | * | |
| **TRUST 2010-2, and SPECIALIZED** | * | |
| **LOAN SERVICING, LLC** | * | |

**ORDER AND REASONS**[1]

Before this Court are Motions to Dismiss by Defendants Arch Bay Holdings, LLC and Specialized Loan Servicings, LLC. Having considered the record, applicable law, and memoranda of counsel, defendants' motions are GRANTED in part and DENIED in part.

**Background**

This case concerns the foreclosure of plaintiff's home in St. Tammany Parish, Louisiana. In December of 2006, plaintiff Glenn E. Alphonse, Jr. ("Plaintiff"), financed a mortgage ("the Note") for his home in Slidell through lender WMC Mortgage Corporation. Rec.Doc.15-3 at 2. On October 29, 2010, defendant Arch Bay Holdings, LLC- Series 2010B ("Arch Bay") filed a Petition to Enforce Security Interest in the 22nd Judicial Court of Louisiana in St. Tammany Parish.

---

[1] Rebekka Veith, a second-year student at Tulane University Law School, contributed to the research and preparation of this order and reasons.

Rec.Doc.1 at 3.  In the petition, Arch Bay alleged that plaintiff breached the Note by failing to pay the monthly installment in April of 2009, and by subsequently failing to pay in full "all successive monthly installments."  Rec.Doc.15-3 at 35.  The District Court for the Parish of St. Tammany granted Arch-Bay's petition, and issued an order commanding the St. Tammany Parish Sheriff to seize and sell the property. Rec.Doc.1 at 4.  Ultimately, Arch-Bay purchased the property on March 23, 2012.  Rec.Doc.20 at 5.

On February 2, 2012, plaintiff filed this action, asserting various causes of action against Arch-Bay, Deutsche Bank, and Specialized Loan Servicings, LLC ("SLS"). Rec.Doc.1. Specifically, plaintiff asserts that Arch Bay engaged in unfair trade practices under Louisiana Revised Statute §51:1401 *et seq*  (Louisiana Unfair Trade Practices Act, or LUTPA). Rec.Doc.1 at ¶¶ 17-28, 22.  Plaintiff also alleges that Arch Bay violated the Federal Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692(a).  *Id.* at ¶ 27.  Plaintiff alleges that Deutsche Bank also engaged in unfair trade practices in violation of LUTPA and that SLS engaged in unfair trade practices, although on that claim plaintiff does not cite any specific law which would provide relief for his claim.  *Id.* at ¶¶ 31-32, 38.  Finally, plaintiff makes a claim for a declaratory judgment that "executory process . . . was inappropriate in this case."  *Id.* at ¶ 44.  Arch Bay and SLS now each move to dismiss claims against them, and their motions present the same issues: that plaintiff has not stated a cause of action against Arch Bay or SLS upon which relief can be granted, that plaintiff's claims are barred by *res judicata*, and that the *Rooker-Feldman* doctrine bars this court from reviewing the state court foreclosure proceeding.  Rec.Doc.15 at 1.

**Law and Analysis**

When considering a Rule 12(b)(6) motion to dismiss, this Court must "accept as true the well-pleaded factual allegations in the complaint." *Causey v. Sewell Cadillac-Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir. 2004). For a claim to survive a Rule 12(b)(6) motion, a complaint must include allegations that show that a plaintiff has "a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly* 550 U.S. 544 (2007). Thus, a plaintiff must "plead specific facts not mere conclusory allegations" in order to survive a motion to dismiss for failure to state a claim. *Guidry v. Bank of Laplace*, 954 F.2d 278, 281 (5th Cir. 1992).

**A.  *Rooker-Feldman Doctrine***

The *Rooker-Feldman* doctrine bars United States District Courts from "modify[ing] or revers[ing] state court judgments." *Union Planters Bank Nat'l Assoc. v. Salih* 369 F.3d 457, 463 (5th Cir. 2004). Thus, a federal district court may not review final state court judgments that were rendered "before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Additionally, if a party brings claims to a federal court that are "inextricably intertwined" with a state court's prior decision, those claims will be barred because their consideration requires the District Court to "in essence" review the state court's decision. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1963). Any claims that would require a United States District Court to review a state court judgment ordering a writ of seizure and sale of property are thus barred by this doctrine. *Brooks v. Flagstar Bank,* 2011 WL 2710026 at *4 (E.D.La. 2011).

Plaintiff brings some claims against Arch Bay and SLS that are so "inextricably intertwined" with the state court foreclosure proceeding that this Court cannot exercise jurisdiction over them. For example, plaintiff alleges wrongful foreclosure because Arch Bay did not have

3

"standing" to foreclose on plaintiff's property. (Rec.Doc.1 at 6). Additionally, plaintiff alleges that SLS employee Darren Bronaugh was not entitled to assign the Note to Arch Bay, and that Arch Bay subsequently was not entitled to assign the Note to Deutsche Bank. (Rec.Doc.1 at 10-11). Thus, plaintiff claims, the assignment of the Note was null. *Id.* Plaintiff also claims that because some documents were "robo-signed," the Order of Seizure and Sale was improperly procured. (Rec.Doc.1 at 6-7). Plaintiff asserts that these "robo-signed" documents did not "transfer ownership of anything, much less standing to take [plaintiff's] home." (Rec.Doc.1 at 11). Essentially, plaintiff makes a variety of claims that amount to an assertion of wrongful foreclosure. (Rec.Doc.1 at 7). Moreover, plaintiff makes a claim praying for a declaratory judgment that will assert that executory process, the procedure through which plaintiff's property was sold to satisfy his mortgage, was inappropriate. (Rec.Doc.1 at 11-12). In order for this Court to consider these allegations, a "thorough review of the state court foreclosure proceedings" would be required, because they question the legitimacy of the foreclosure, and this Court does not have the jurisdiction to do this. *See Brooks,* 2011 WL 2710026 at *4. Accordingly, these claims are subject to dismissal.

However, plaintiff makes other claims for unfair trade practices against both defendants and unfair debt collection against Arch Bay under the Fair Debt Collection Practices Act (FDCPA), 15 USC §1692. These are not barred by the *Rooker-Feldman* doctrine. Unfair trade practice claims do not challenge the foreclosure order itself, and claims involving collection practices under FDCPA represent a separate claim over which a federal court has subject matter jurisdiction. *see Easley v. New Century Mortg. Corp.*, 394 Fed.Appx. 946, 948 (3d Cir. 2010); *see also Todd v. Weltman, Weinberg & Reis Co., L.P.A,* 434 F.3d 432, 437 (6th Cir. 2006). Therefore, this Court

must determine whether plaintiff has properly stated these claims under Federal Rule of Civil Procedure 12(b)(6).

## B. Fair Debt Collection Practices Act

If a plaintiff alleges that a defendant violated the FDCPA and does not challenge the "validity of the debt, but rather the collection practices of the creditor," federal district courts will have subject matter jurisdiction over the claim because it is distinct from a claim attacking the validity of a state court action. *Brooks*, 2011 WL 2710026 at *4 (citing *Naranjo v. Universal Sur. Of America,* 679 F.Supp.2d 787, 794 (S.D.Tex. 2010)). Plaintiff asserts in his complaint that Arch Bay

> violated FDCPA in one or more of the following ways: a) making false or misleading representations; b) communicating credit information knew to be false or should have known to be false; c) failing to disclose in the initial written communication that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose; d) failing to send Plaintiff the information required by 1692g(a); e) continuing activities after receipt of Plaintiff's dispute without sending validation of the debt; and/or f) representing that Plaintiff owed amounts that he did not owe. Rec.Doc.1 at ¶ 27.

Plaintiff makes only one allegation that a specific subsection of the FDCPA was violated (that Arch Bay did not send information required by §1692g(a)), and in fact, just one of his other claims falls expressly under a subsection of the law. *Id.* Plaintiff's first claim, that defendant made false and misleading representations, falls under §1692e ("a debt collector may not use any false, deception or misleading representation in connection with the collection of any debt"). 15 U.S.C. §1692e. However, plaintiff does not offer any allegations about false or misleading actions on the part of Arch-Bay that "rise above a speculative level," and thus this claim is subject to dismissal. *see Twombly*, 550 U.S. at 555 (2007). As for plaintiff's claim that defendant failed to send plaintiff the information required by §1692g(a), plaintiff again does not show in his

pleadings that defendant failed to do this. *See* Rec.Doc.1.   Plaintiff's other claims are bare allegations of misconduct that do not meet a specific provision of the FDCPA and also do not rise to the level required by *Twombly* to overcome a Rule 12(b)(6) motion for dismissal.   For these reasons, this Court finds that the plaintiff has not pled sufficient facts in its complaint to survive a motion for dismissal at this time, and will grant plaintiff ten days to amend his complaint.

## C.  Unfair Trade Practices

A plaintiff may not bring a claim under LUTPA unless they are a "consumer or business competitor of the defendant."  *Hamilton v. Business Partners, Inc.*, 938 F.Supp. 370, 374 (E.D.La. 1996).  In this case, plaintiff is a "consumer" under LUTPA because he is a "person who uses, purchases, or leases goods or services"  La.Rev.Stat. §51:1402(1).  LUTPA is "deliberately broad and does not specify particular violations,"  but "some element of fraud . . . or other unethical conduct" must be shown in order to properly demonstrate harm under LUTPA. *Omnitech Intern., Inc. v. Clorox Co.*, 11 F.3d  1316, 1332 (5th Cir. 1994); *Dufau v. Creole Engineering, Inc.*, 465 So.2d. 752, 758 (La.Ct.App.), *writ denied*, 468 So.2d 1207 (La.1985).

Plaintiff alleges that Arch Bay engaged in unfair trade practices by filing the Petition to Enforce Security Interest in the name of Arch Bay Holdings-Series 2010B or "the Bond." (Rec.Doc.1 at 7).  Plaintiff asserts both that because the Bond is a financial instrument, it cannot sue a human being, and that a financial instrument suing a person is an unfair trade practice (Rec.Doc.1 at 4, 7).  Plaintiff also claims that an SLS employee's assignment of the Note to Arch Bay was a "deceptive sleight of hand [which] constitutes unfair trade practices." (Rec.Doc.1 at 10).  Plaintiff's claims against SLS do not specifically cite to any portion of LUTPA or the Louisiana Revised Statutes. (Rec.Doc.1 at 10-11).  Instead, plaintiff generally alleges that SLS violated "Louisiana law." *Id.*  Moreover, none of the parties address in their briefs the effect of the

exemption in LUTPA for "[a]ny federally insured financial instutition, its subsidiaries, and affiliates . . . or actions or transactions subject to the jurisdiction of . . . federal banking regulators who possess authority to regulate unfair or deceptive trade practices." La.Rev.Stat.§51:1406(1). Here again, the Court will allow the plaintiff an additional opportunity for amendment to cure any deficiencies in the complaint.

Ultimately, these are state law claims, and this Court will need to revisit the issue of subject matter jurisdiction in the event that plaintiff's claims under the FDCPA are dismissed. If that need arises, this Court will need the citizenship of the defendants specified in accordance with the rule set forth in *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th. Cir. 2008). Facts relevant to citizenship should be specifically pled in any amendment.

## **CONCLUSION**

Accordingly,

IT IS ORDERED that the Motions to Dismiss filed by Arch Bay Holdings, LLC, Rec.Doc.15, and Specialized Loan Servicings, LLC, Rec.Doc. 10, are PARTIALLY GRANTED and PARTIALLY DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff is given until August 13, 2012, to amend his complaint.

New Orleans, Louisiana, this 30th day of July, 2012.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**