## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GLENN E. ALPHONSE, JR.** | * | **CIVIL ACTION NO.: 12-330** |
| | * | **SECTION: "C" 4** |
| **vs.** | * | |
| | * | **JUDGE: HELEN G. BERRIGAN** |
| **ARCH BAY HOLDINGS, LLC and** | * | |
| **SPECIALIZED LOAN SERVICING** | * | |
| **LOAN SERVICING, LLC** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER AND REASONS[1]

Before this Court is a Motion to Dismiss all claims asserted by plaintiff Glenn Alphonse in his Amended Complaint, by defendants Arch Bay Holdings, LLC  and Specialized Loan Servicing, LLC ("SLS"). Having considered the record, applicable law, and memoranda of counsel, defendants' motion is GRANTED.

## BACKGROUND

This case arose from the foreclosure of plaintiff's home in St. Tammany Parish, Louisiana.  According to the Amended Complaint, plaintiff Glenn E. Alphonse, Jr. ("Alphonse") financed a mortgage for his home in Slidell through lender WMC Mortgage Corporation ("WMC").   Rec. Doc. 33. At some point, WMC wrote "Pay to the order of _____ without recourse" on the mortgage note ("Note") and a WMC representative signed below this mark.

---

[1]Katharine Williams, a third-year student at Tulane University Law School, contributed to the research and preparation of this order.

1

On October 21, 2010 the mortgage was assigned to Arch Bay Holdings, LLC -Series 2010B ("AB-Series 2010B").   On October 29, 2010, AB-Series 2010B filed a Petition to Enforce Security Interest in the 22nd Judicial Court of Louisiana in St. Tammany Parish.  In the state court petition, AB-Series 2010B alleged that Alphonse breached the Note and mortgage by failing to pay the monthly installment in April of 2009, and by subsequently failing to pay in full "all successive monthly installments."  (Rec.Doc. 38-4 at 3).  On November 5, 2011, the District Court for the Parish of St. Tammany granted AB-Series 2010B's petition, and issued an order commanding the St. Tammany Parish Sheriff to seize and sell the property.  On January 27, 2011, AB-Series 2010B assigned the Note to former defendant Deutsche Bank National Trust Company (Deutsche Bank).[2]   The property was sold in March 2012.

On February 1, 2012, plaintiff filed his initial complaint, asserting various causes of action against Arch Bay Holdings, LLC, as well as defendants Deutsche Bank and SLS. (Rec.Doc.1). Specifically, Alphonse asserted that Arch Bay Holdings, LLC, Deutsche Bank and SLS engaged in unfair trade practices, in violation of the Louisiana Unfair Trade Practices Act ("LUTPA"), La.R.S. § 1401, *et seq.*  (Rec. Doc.1 at 6-11).  Plaintiff also alleged that Arch Bay Holdings, LLC violated the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692(a). *Id.* at 8.

Arch Bay Holdings, LLC and SLS filed Motions to Dismiss on March 19 and 20, 2012, respectively. (Rec.Docs. 10 and 15). Determining that the *Rooker-Feldman* doctrine barred it from reviewing the state court judgment ordering a writ of seizure and sale of property, on July 30, 2012, this Court granted those Motions to Dismiss. In addition, this Court determined that

---

[2]The claims against Deutsche Bank were dismissed on August 22, 2012, without prejudice for plaintiff's failure to prosecute. (Rec.Doc. 36).

some of the claims against Arch Bay Holdings, LLC and SLS were so inextricably intertwined with the state court foreclosure proceeding that it could not exercise jurisdiction over them, because to do so would require a review of the state foreclosure proceedings. (Rec.Doc. 31 at 3-4).

However, this Court stated that Alphonse's other claims under the FDCPA and LUTPA were not barred by *Rooker-Feldman*; specifically, that unfair trade practice claims do not challenge the foreclosure order itself, and claims involving collection practices under the FDCPA represent a separate claim over which federal courts have subject matter jurisdiction. (Rec.Doc. 31 at 4). Though dismissing the original complaint, this Court allowed Alphonse to file amended claims under the LUTPA and the FDCPA. (Rec.Docs. 31, 33).[3] Alphonse filed an Amended and Supplemental Complaint on August 13, 2012. (Rec.Doc. 33). In the Amended Complaint, he alleges six violations of the FDCPA and LUTPA. *Id*. Defendants Arch Bay Holdings, LLC and SLS have filed another Motion to Dismiss, claiming that Alphonse failed to allege facts in the Amended Complaint to support a valid claim or cause of action against SLS or Arch Bay Holdings, LLC, and requesting that this Court dismiss the Amended Complaint with prejudice. Taking each of plaintiff's amended claims for relief in turn, this Court GRANTS defendants' Motion to Dismiss.

## **Law and Analysis**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED.R.CIV.P.12(b)(6). As the Supreme Court held in

---

[3]The Court also ordered that, for diversity purposes,  the plaintiff allege the citizenship of the parties in accordance with *Harvey v. Grey Wolf Drilling Co.,* 542 F.2d 1077, 1080 (5th Cir. 2008).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2009), the

pleading standard Rule 8 announces does not require "detailed factual allegations," but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555

(*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

 Plaintiff argues that this motion to dismiss must be converted into a motion for summary

judgment under Rule 56 because documents not attached to the Amended Complaint are

referenced, relying on *Kennedy v. Chase Manhattan Bank USA*, 369 F.3d 833, 839 (5th Cir.

2004).  (Rec.Doc. 42 at 9).  In *Kennedy,* the Fifth Circuit stated that, "in considering a motion to

dismiss...[i]f the district court considers information outside of the pleadings, the court must treat

the motion as a motion for summary judgment. Although the court may not go outside the

complaint, the court may consider documents attached to the complaint."  The *Kennedy* court

cited to *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000), where

the Fifth Circuit "noted approvingly, however, that various other circuits have specifically

allowed that 'documents that a defendant attaches to a motion to dismiss are considered part of

the pleadings if they are referred to in the plaintiff's complaint and are central to her claim... In

so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the

court in making the elementary determination of whether a claim has been stated." *Id.*  Here,

Plaintiff's reliance on *Kennedy* for the proposition that this Motion to Dismiss must be converted

to a Motion for Summary Judgment is not warranted; all of the documents included in this

Court's consideration of these claims were attached to the Motion to Dismiss, and were

specifically referred to in the plaintiff's Amended Complaint.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 255-257. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007), the claim must be dismissed.

In deciding a motion to dismiss for failure to state a claim, a court may consider the contents of the pleadings, including attachments thereto[4], as well as the documents attached to the motion to dismiss that are referred to in plaintiff's complaint and are central to their claim. *Collins,* 224 F.3d at 498-99; *see also Brooks v. Flagstar Bank,* 2011 WL 2710026 at *2 (E.D.La. 2011).

When considering a Rule 12(b)(6) motion, a court must accept all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th cir. 2009). However, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), *citing Twombly*, 550 U.S. 544. Although for the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

---

[4]The Court notes that plaintiff did not attach any documents to his Amended Complaint. (Rec.Doc.33).

5

**A. LUTPA claim against Arch Bay Holdings, LLC**

**1. *Rooker-Feldman* Doctrine**

In his first claim for relief against Arch Bay Holdings, LLC, plaintiff claims actual damages as a result of unfair trade practices employed by Arch Bay Holdings, LLC, specifically that Arch Bay Holdings, LLC wrongfully seized and possessed plaintiff's home through flawed executory proceedings. (Rec.Doc. 33 at ¶22). This is the same claim that was dismissed in plaintiff's original complaint. (Rec. Doc. 31 at 4). This Court reiterates that this claim is barred by the *Rooker-Feldman* doctrine, and this claim for relief is dismissed for lack of subject matter jurisdiction. FED.R.CIV.PRO 12(b)(1).

The *Rooker-Feldman* doctrine bars United States District Courts from "modify[ing] or revers[ing] state court judgments." *Union Planters Bank Nat'l Assoc. v. Salih*, 369 F.3d 457, 463 (5th Cir. 2004). Thus, a federal district court may not review final state court judgments that were rendered "before the district court proceedings commenced[5]." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Additionally, if a party brings claims to a federal court that are "inextricably intertwined" with a state court's prior decision, those claims will be barred because their consideration requires a district court to, "in essence," review the state court's decision. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1963). The Fifth Circuit has held that federal district courts lack jurisdiction over collateral attacks on the validity of state-court judicial foreclosures and writs of execution. *Flores v. Citizens State Bank of Roma, Texas*, 132 F.3d 1457 (5th Cir. 1997)(*per curiam*); *see also United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir.

---

[5]An order of seizure and sale, unless there is opposition, is a final order. *Boatmen's Savings Bank v. Wagenspack*, 12 F. 66 (Circuit Court, E.D. La. 1882).

1994)(declining to review state court judgment confirming validity of allegedly fraudulent foreclosure sale under *Rooker-Feldman*). Any claims that would require a United States District Court to review a state court judgment ordering a writ of seizure and sale of property are thus barred by this doctrine. *Brooks*, 2011 WL 2710026 at *4.

Plaintiff's first claim alleging unfair trade practices is based on the assertion that wrongful seizure and wrongful possession are unfair trade practices. (Rec.Doc. 33 at 7-8). Specifically, plaintiff alleges that the executory proceedings which resulted in the foreclosure of his home were flawed by certain procedural defects[6]. *Id.* In order for this Court to consider these allegations, it would have to perform a thorough review of the state court foreclosure proceedings, which is prohibited by *Rooker-Feldman*. (Rec.Doc. 31 at 4).

## 2. *Res Judicata*

Even if *Rooker-Feldman* did not prevent this Court from entertaining these claims for relief, the doctrine of *res judicata* would. The doctrine of *res judicata*, or claim preclusion, bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits. *United States v. Tohono O'Odham Nation*, 131 S.Ct. 1723, 179 L.Ed.2d 723 (2011), *citing Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948). Records and judicial proceedings of any state court are afforded the same full faith and credit in every court within the United States, and have the same preclusive effect in federal court as they would have in state court. 28 U.S.C. §1738.

---

[6]In his First Claim for Relief, Alphonse alleges that Arch Bay Holdings, LLC obtained the Note improperly because it was improperly assigned and that Arch Bay Holdings, LLC filed the Petition to Enforce Security Interest under an improper name . (Rec.Doc. 33 at ¶ 22-23). In his memorandum in opposition to defendant's Motion to Dismiss, plaintiff further alleges that defendant committed extrinsic fraud. (Rec.Doc. 42 at 7).

According to Louisiana law, once a creditor has properly complied with the requirements of executory process, a debtor is limited in the ways in which he can proceed in defense. *Citizens Bank & Trust Co. v. Little Ford, Inc.*, 522 So.2d 1124, 1133-1134 (La. App. 1 Cir. 1988). The Louisiana Code of Civil Procedure provides only two avenues for defending against an order issuing a writ of seizure and sale in an executory proceeding: (1) an injunction proceeding to arrest the seizure and sale; and/or (2) a suspensive appeal from the order directing the issuance of the writ of seizure and sale. LA. CODE CIV. PRO. ART. 2642. An injunction action must be filed prior to the sale of the subject property. *Dryades Sav. and Loan Ass'n v. Givens*, 602 So.2d 325, 327 (La. App. 4 Cir. 1992). All defenses and procedural objections to an executory process proceeding are waived if the debtor permits the seizure and sale to proceed without raising any objection by either a suit for injunction or a suspensive appeal. *Citizens Bank & Trust Co. v. Little Ford, Inc.*, 522 So.2d 1124, 1133-1134 (La. App. 1 Cir. 1988); *see also Knox v. West Baton Rouge Credit, Inc.*, 9 So.3d 1020 (La. App. 1 Cir. 2009)**.** Plaintiff could not bring this claim in state court, and cannot litigate it in this Court either.

**3. Arch Bay Holdings, LLC**

Plaintiff filed this complaint against Arch Bay Holdings, LLC. (Rec.Doc.1). However, AB-Series 2010B held the Note in question and initiated the action to collect the debt at issue in this case. (Rec.Docs. 20-4 at 11 and 38-4 at 2), *see also* Amended Complaint (Rec.Doc 33 at ¶8). Plaintiff claims that AB-Series 2010B is a financial instrument and not a separate juridical entity from Arch Bay Holdings, LLC. (Rec.Doc. 33 at ¶23). This is a legal conclusion that is couched as a factual allegation, and this Court is not required to accept it as true. *Iqbal*, 556 U.S. at 678.

Arch Bay Holdings, LLC never seized or possessed the plaintiff's property. In the Petition to Enforce Security Interest by Executory Process, the petition was filed by "Arch Bay Holdings, LLC - Series 2010B, a corporation authorized to do business in St. Tammany Parish, Louisiana..." (Rec.Doc. 38-4 at 2). Based on the evidence provided to the 22nd District Court, Parish of St. Tammany, AB-Series 2010B was the holder of the Note in question. (Rec.Doc. 38-4). Though plaintiff has not attached any documents to his Amended Complaint, the Amended Complaint does state that a Notarial Endorsement, dated October 21, 2010 purported to assign the Note to Arch Bay Holdings, LLC-Series 2010B by Mortgage Electronic Registration Systems (MERS). (Rec.Doc. 33 at ¶ 9). Taking all of plaintiff's factual claims as true, Arch Bay Holdings, LLC-Series 2010B is a separate entity from Arch Bay Holdings, LLC.[7]

Chapter 12 of the Louisiana Revised Statutes governs corporations and associations doing business within the state. La. R.S. §12:1, *et seq*. This chapter specifically provides that "the laws of the state or other jurisdiction under which a foreign limited liability company is

---

[7]Plaintiff argues that Arch Bay Holdings, LLC controls and owns a number series of trusts, including Series 2010B. (Rec.Doc. 42 at 9). A series of trusts is distinct from a series corporation. Further, Alphonse claims that the cut-off date for AB-Series 2010B was October 31, 2010, but that his loan was not assigned to AB Series-2010B until January 27, 2011. *Id*. However, AB-Series 2010B was assigned the Note on October 21, 2010. (Rec.Doc. 33 at ¶ 9). Deutsche Bank was assigned the Note on January 27, 2011, when it became an "indentured trustee" for AB-Series 2010B.

69 Am. Jur. 2d Securities Regulation—Federal § 805 provides that: a trust indenture is a contract, entered into between a corporation issuing bonds or debentures and a trustee for the holders of the bonds or debentures, which delineates the rights of the holders and the issuer. *Upic & Co. v. Kinder-Care Learning Centers, Inc.,* 793 F.Supp. 448 (S.D.N.Y. 1992). The Trust Indenture Act of 1939 defines "indenture" as any mortgage, deed of trust, trust or other indenture, or similar instrument or agreement (including any supplement or amendment to any of the foregoing), under which securities are outstanding or are to be issued, whether or not any property, real or personal, is, or is to be, pledged, mortgaged, assigned, or conveyed thereunder.15 U.S.C.A §77aaa-77ccc. **An indenture trustee's responsibilities and powers are strictly limited by the terms of the governing indenture, and, generally, an indenture trustee has an obligation to take no action until there is a trust indenture default; that is, until default occurs, a trustee's duties are merely ministerial.** *Elliott Associates v. J. Henry Schroder Bank & Trust Co.,* 838 F.2d 66 (2d Cir. 1988) (emphasis added).

organized shall govern its organization, its internal affairs, and the liability of its managers and members that arise solely out of their positions as managers and members." La. R.S. §12:1342.

AB-Series 2010B is the correct party defendant in this claim, not Arch Bay Holdings LLC. The Corporate Code of Delaware provides that a limited liability company agreement may establish one or more designated series of members, managers, limited liability company interests or assets. 6 DEL.C. §18-215(a). Any such series may have separate rights, powers or duties with respect to specified property or obligations of the limited liability company, and any such series may have a separate business purpose or investment objective. *Id.* If a limited liability company establishes one or more series according to certain formalities,[8] then the liabilities of a particular series are enforceable against that series alone, and not against the assets of the limited liability company generally, or any other series thereof. 6 DEL.C.§18-215(b). Assets associated with a series may be held directly or indirectly, including in the name of such series. *Id.*

Finally, "a series established in accordance with subsection (b) may carry on any lawful business, and unless otherwise provided by the company agreement, such a series has the power and capacity to, in its own name, contract, hold title to assets (including real, personal and intangible property), grant liens and security interests, and sue and be sued. 6 DEL.C.§18-215(c). If AB-Series 2010B is a separate juridical entity from Arch Bay Holdings, LLC itself, it is responsible for the trade practices at issue in the complaint, and  the claims for relief against Arch Bay Holdings, LLC must be dismissed.

---

[8]"[I]f the records maintained for any such series account for the assets associated with such series separately from the other assets of the limited liability company, or any other series thereof, and if the limited liability company agreement so provides, and if notice of the limitation on liabilities of a series as referenced in this subsection is set forth in the certificate of formation of the limited liability company..." 6 DEL.C.§18-215(b)

**B.  FDCPA Claims against Arch Bay Holdings, LLC**

Plaintiff makes other claims for unfair trade practices against both defendants and unfair

debt collection against Arch Bay Holdings, LLC under the FDCPA. Unfair trade practice claims

that do not challenge the foreclosure order itself, and claims involving collection practices under

FDCPA represent a separate claim over which a federal court has subject matter jurisdiction. *See*

*Easley v. New Century Mortg. Corp.*, 394 Fed.Appx. 946, 948 (3d Cir. 2010); *see also Todd v.*

*Weltman, Weinberg & Reis Co., L.P.A,* 434 F.3d 432, 437 (6th Cir. 2006).  Therefore, this Court

must determine whether those allegations state a claim upon which relief can be granted under Rule

12(b)(6).

Plaintiff's FDCPA claim against Arch Bay Holdings, LLC in the Amended Complaint

alleges that:

> Arch Bay violated the FDCPA in one or more of the following ways:
> a) Arch Bay violated § 1692e(2)(A) by misrepresenting the character and legal status of
> the debt it was attempting to collect because Arch Bay knew, or should have known that
> it lacked proof of ownership of the debt and therefore was not entitled to collect it;
> b) Arch Bay violated § 1692c(a)(2) by communicating directly with Alphonse when it
> knew Alphonse was represented by counsel;
> c) Arch Bay violated § 1692e(8) by communicating credit information which it knew to
> be disputed, or should have known to be false, to one or more credit reporting agencies;
> d) Arch Bay violated § 1692e(11) by failing to disclose in the initial written
> communication that it was attempting to collect a debt and that any information obtained
> would be used for that purpose;
> e) Arch Bay violated § 1692e(14) by using a business, company or organization name
> other than its true name in the collection of the debt;
> f) Arch Bay violated § 1692f(1) by collecting a debt that was not expressly authorized by
> Alphonse's mortgage; and/or
> g) Arch Bay violated § 1692f by representing that Alphonse owed amounts that he did
> not owe.

(Rec.Doc. 33 at 9).

11

**1. FDCPA Claims against Arch Bay Holdings, LLC**

Again, AB Series-2010 held plaintiff's mortgage note, and it initiated debt collection and foreclosure processes against plaintiff. This claim for relief is incorrectly addressed against Arch Bay Holdings, LLC, and must be dismissed. *See A.3, supra.*

**2. FDCPA Claims "b)", "c)", "e)", and "g)"**

Even if the claim was addressed to the correct defendant, none of these allegations can withstand defendants' motion to dismiss.  The claims set forth in subsections "b)", "c)", "e)", and "g)" are bare recitations of the elements of the offense, and are not supported by any evidence- they are merely unadorned, "the defendant unlawfully harmed me accusations". *Twombly*, 550 U.S. 544 (2009). They fail to state a claim for which relief can be granted and are dismissed. Subsection "d)" is incorrect based on the record as presented. From the record as presented, the initial communication from Dean Morris, L.L.P., on behalf of AB-Series 2010B, is a letter dated September 3, 2010. (Rec.Doc. 38-8). That letter states: "This is an attempt to collect a debt, and any information obtained will be used for that purpose." *Id.*

Subsections "a)" and "f)" both attack the validity of the debt, by claiming alternately that Arch Bay Holdings, LLC  knew or should have known that it lacked proof of ownership of the debt and was not entitled to collect it, and by representing that Alphonse owed amounts that he did not owe. (Rec.Doc. 33 at ¶28). Leaving aside the fact that Arch Bay Holdings, LLC itself did not attempt to collect any debt from Alphonse, the Court notes that the debt in question was in the form of a negotiable instrument, and these two claims fail as a matter of law.

**3. FDCPA Claims "c)" and "f)"**

Under Louisiana commercial law, a "negotiable instrument" means an unconditional promise or order to pay a fixed amount of money that is payable to bearer or to order, payable on demand or at a definite time and does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money. LA. REV. STAT. ANN. §10:3-104(a). An instrument is a note if it is a promise and is a draft if it is an order. LA. REV. STAT. ANN. §10:3-104(e). "Order" means a written instruction to pay money signed by the person giving the instruction. LA. REV. STAT. ANN. §10:3-103(6). "Promise" means a written undertaking to pay money signed by the person undertaking to pay. LA. REV. STAT. ANN. §10:3-103(9). A promise is payable to bearer if it states that it is payable to bearer or to the order of bearer or otherwise indicates that the person in possession is entitled to payment, or if it does not state a payee or otherwise indicates that it is not payable to an identified person. LA. REV. STAT. ANN. §10:3-109(a)(1)-(3).  If an indorsement is made by the holder of an instrument and it is not a special indorsement[9], it is a blank indorsement. LA. REV. STAT. ANN. §10:3-205(b).   When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed. *Id.*

Alphonse's mortgage note was a promise, and was indorsed in blank- it was a negotiable instrument and the debt it represented was payable to bearer. (Rec.Doc. 38-3). The holder of a note does not violate the FDCPA or Louisiana law simply by bringing foreclosure proceedings before the note was formally assigned. *Castrillo v. American Home Mortgage Servicing, Inc.*, 670 F.Supp.2d 516, 525 (E.D. La. 2009). When endorsed in blank, a promissory note is payable to

---

[9]If an indorsement is made by the holder of an instrument, and the indorsement identifies a person to whom it makes the instrument payable, it is a special indorsement. When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person.  LA. REV. STAT. ANN. §10:3-205(a)

bearer and may be negotiated by transfer of possession alone until specially indorsed. La. R.S.

§10:3-205(b), *see also Paciera v. Augustine*, 518 So.2d 1164, 1168 (La. App. 5 Cir. 1988), *Gulf*

*Nat. Bank at Lake Charles v. Dupuis*, 402 So.2d 789, 793 (La.Ct.App. 1981) ("A promissory note

payable to the order of bearer and secured by a mortgage may be transferred by mere delivery.

Authentic evidence of the transfer of the note is not necessary to enable the holder to foreclose by

executory process."). The holder of a promissory note may enforce the mortgage privilege

securing such instrument without authentic evidence of the signatures, assignment, pledge,

negotiation or transfer thereof. La. R.S. §9:4422(3). AB-Series 2010B was the holder of the note

at the time of the foreclosure, and was therefore entitled to collect on the debt it secured. No

further proof of ownership of the debt was required - the claim under "a)" is dismissed.

Further, the claim under "f)" must be dismissed because the Note expressly authorized its

Bearer to collect the debt the note secured. As stated on the Note itself: "[t]his Note or a partial

interest in the Note...can be sold one or more times without prior notice to Borrower." (Rec.Doc.

38-3 at 14, ¶20). "As used in this Security Instrument, 'Lender' additionally includes any

successors and assigns of the Lender first named above, as well as any subsequent holder or

holders of the Note, or of any indebtedness secured by this Security Instrument." (*Id*. at 16, ¶32)).

## C.  LUTPA and FDCPA Claims against Deutsche Bank

Plaintiff filed his Amended Complaint on August 13, 2012 and included two claims

against Deutsche Bank.  However, these claims against Deutsche Bank were dismissed without

prejudice on August 22, 2012. (Rec.Doc. 36).   In addition, plaintiff did not have leave to include

any claims against this party in his amendment.  Rec. Doc. 31.

**E.  LUTPA Claim against SLS**

Plaintiff's fifth claim for relief alleges that SLS engaged in unfair trade practices by wrongfully seizing and possession his property. (Rec.Doc. 33 at ¶43). This is the same claim as levied against Arch Bay Holdings, LLC, *A., supra*, and is also dismissed for the same reasons under *Rooker-Feldman* and *res judicata*.

**F.  FDCPA Claims against SLS**

In the Amended Complaint, plaintiff alleges:

SLS violated the FDCPA in one or more of the following ways:
a) SLS violated § 1692e(2)(A) by misrepresenting the character and legal status of the debt it was attempting to collect because upon information and belief, it manufactured the very documents Arch Bay required in order to collect it;
b) SLS violated § 1692c(a)(2) by communicating directly with Alphonse when it knew Alphonse was represented by counsel;
c) SLS violated § 1692e(11) by failing to disclose in its April 3, 2012 written communication that it was attempting to collect a debt and that any information obtained would be used for that purpose;
d) SLS violated § 1692f by using unfair and unconscionable means to collect a debt when it attempted to induce Alphonse to release some or all of his claims in exchange for a "Cash Incentive" payment; and/or
e) SLS violated § 1692f by representing that Alphonse owed amounts that he did not owe.

(Rec.Doc. 33 at 14-15).

In "a)", plaintiff alleges that SLS manufactured the documents used in the foreclosure proceedings. (Rec.Doc. 33 at ¶¶15 and 49(a)). Investigating this allegation would require this Court to review the finalized state foreclosure proceeding, and is barred under the *Rooker-Feldman* Doctrine. *See A.1., supra*. Therefore, this aspect of the complaint must be dismissed.

In "b)", plaintiff accuses SLS of violating § 1692c(a)(2) by communicating directly with him when it knew he was represented by counsel. The FDCPA defines "communication" as "the conveying of **information regarding a debt** directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2) (emphasis added). Without the prior consent of the consumer or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer. 15 U.S.C. §1692c(a)(2).

On February 2, 2012, plaintiff filed his original complaint. (Rec.Doc. 33 at ¶16). SLS received the Summons and Complaint on February 7, 2012. *Id.*   SLS sent a letter to Alphonse on February 13, 2012 (Rec.Doc. 38-9). The FDCPA is a strict liability statute. *In re Eastman*, 419 B.R. 711 (Bkrtcy.W.D.Tex. 1009), *citing Pittman v. J.J. Mac Intyre Co.,* 969 F.Supp. 609, 613 (D.Nev.1997). A single violation of the FDCPA is sufficient to establish civil liability." *Id., citing Gibson v. Grupo de Ariel*, LLC, 2006 WL 42369, *1 n. 2, 2006 U.S. Dist. LEXIS 539, at *3 n. 2 (N.D.Tex.2006) (*citing Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir.1997)). However, while no actual injury is necessary to sustain a claim under the FDCPA, there must still be an attempt to collect a debt from the plaintiff. *David v. FMS Services*, 475 F.Supp.2d 447, 449 (S.D.N.Y. 2007), *see also Mabe v. G.C. Services Ltp. Partnership*, 32 F.3d 86, 87-88 (4th Cir. 1994), ("Congress enacted the FDCPA to protect consumers from unfair debt

collection practices. Consequently, a threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'") (internal citations omitted).

The letter of which plaintiff complains in subsection "b)" was indeed sent after the filing of his complaint, and SLS knew or should have known that he was represented by counsel. However, the plaintiff can not show that this letter is actually an attempt to collect a debt. The heading on the February 13, 2012 letter does clearly note that the letter is from a debt collector and for the purposes of collecting a debt. (Rec.Doc. 38-9). However, this appears to be boilerplate copy, and the body of the letter does not reference any debt, nor threaten any action to collect a debt. It is a request for more information from Alphonse to complete a loan modification application. This Court finds that this letter does not meet the qualifications of a "communication," under §1692a, because it does not convey any information regarding a debt. U.S.C. §1692a(2).

The letter regards an application that Alphonse submitted to SLS. Alphonse submitted a request for assistance to SLS requesting a loan modification. (Rec.Doc. 38-9). To process this request, SLS required certain documents which Alphonse had not supplied. The letter at issue sought this information, and this information only. (Rec.Doc. 38-9). Other circuits have held that a consumer can waive the protections of the cease-communications provisions of the FDCPA. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1172 (9th Cir. 2006)("[I]t is obvious that even the least sophisticated debtor would recognize that Mrs. Clark's request for information constituted consent for...Capital's attorney to return Mrs. Clark's telephone call in order to provide the specific information she requested."). This Court finds that reasoning persuasive, and holds that if, for the sake of argument, the February 12 letter was a

communication under §1692a, it was response to a request from Alphonse, and therefore the

prohibitions of 15 U.S.C.§1692c(a)(2) should not apply.

   In "c)", plaintiff alleges that SLS violated 15 U.S.C. §1692e(11) by failing to disclose in

its April 3, 2012 written communication that it was attempting to collect a debt. (Rec.Doc. 33 at

¶49). That section of the FDCPA provides that a:

> debt collector may not use any false, deceptive, or misleading representation or means in
> connection with the collection of any debt. Without limiting the general application of the
> foregoing, the following conduct is a violation of this section... (11) "The failure to
> disclose in the initial written communication with the consumer and, in addition, if the
> initial communication with the consumer is oral, in that initial oral communication, that
> the debt collector is attempting to collect a debt and that any information obtained will be
> used for that purpose, and the failure to disclose in subsequent communications that the
> communication is from a debt collector, except that this paragraph shall not apply to a
> formal pleading made in connection with a legal action.

15 U.S.C. §1692e. The letter at issue was an offer of relocation assistance from Specialized Asset

Management, LLC, on behalf of the title holder of record. (Rec.Doc. 38-10 at 2). The letter does

not attempt to collect any debt, does not reference any debt, or generally constitute a

communication, conveying information regarding a debt directly or indirectly to any person

through any medium. 15 U.S.C. § 1692a(2).This letter was an attempt to enforce a possessory

right, not to collect any kind of debt. Therefore, this claim is dismissed.

   In "d)", plaintiff alleges that SLS violated §1692f by offering a cash incentive payment to

vacate the property and release the new owners from certain liability. (Rec.Doc. 33 at ¶49). The

FDCPA forbids a debt collector from using unfair or unconscionable means to collect or attempt

to collect any debt. 15 U.S.C. §1692f. A complaint will be deemed deficient under § 1692f if it

"does not identify any misconduct beyond that which Plaintiff asserts violates other provisions of

the FDCPA." *Barlow v. Safety Nat. Cas.* Corp., 2012 WL 1965417 at 6 (M.D.La. 2012), *citing*

*See Taylor v. Heath W. Williams, L.L.C.*, 510 F.Supp.2d 1206, 1217 (N.D.Ga. 2007).[10] In *Barlow*, the Court found the plaintiff's failure to specifically identify how the defendants' conduct was also unfair or unconscionable under this section warranted dismissal of the claim. *Id*. In this case as well, Alphonse has not stated any reason that the offer of relocation assistance should be considered unfair or unconscionable.

Further, this Court finds the reasoning employed in *Gass v. CitiMortgage, Inc.,* 012 WL 3201400(N.D.Ga. 2012),to be particularly applicable to this claim. In that case, the court found that offers of payment of relocation funds were not oppressive or outrageous, and did not plausibly suggest a FDCPA violation. *Id.* at 15-16 ("Offers of monetary aid or relocation assistance are not harassing or abusive, and do not offend the conscience or common notions of fairness. Likewise, a statement explaining a creditor's right to possess a property after a foreclosure sale by noting that Plaintiff would be evicted...is not deceiving, offensive, or unfair.") Adopting this reasoning, this Court finds that plaintiff has failed to state a claim for which relief can be granted, and (d) is dismissed.

Finally, in "e)", plaintiff alleges that SLS violated § 1692f by representing that Alphonse owed amounts that he did not owe. There are no factual statements supporting this allegation, and this allegation fails to state a claim for which relief can be granted.

---

[10]"Section 1692f...includes eight subsections providing specific conduct that violates this section... Plaintiff does not identify which, if any, of these eight provisions the Defendants violated through these actions. This alone is not fatal to her claims since this section may provide a cause of action for conduct that is not specifically listed in that section or any other provision of FDCPA. *Foti v. NCO Financial Sys., Inc.*, 424 F.Supp.2d 643, 667 (S.D.N.Y.2006); *see also McGrady v. Nissan Motor Acceptance Corp*., 40 F.Supp.2d 1323, 1337 (M.D.Ala.1998). A complaint will be deemed deficient under this provision, however, if it "does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA." Foti, 424 F.Supp.2d at 667; see also Tsenes v. Trans-Continental Credit and Collection Corp., 892 F.Supp. 461, 466 (E.D.N.Y.1995). Here, as discussed above, the Complaint alleges that the garnishment proceeding, Defendant Smart's letter, and the Suit on Account violated other provisions of the FDCPA. Her failure to specifically identify how this conduct was also unfair or unconscionable under section 1692f warrants dismissal of this claim."

**CONCLUSION**

Accordingly,

IT IS ORDERED that the Motion to Dismiss filed by Arch Bay Holdings, LLC and

Specialized Loan Servicing, LLC is GRANTED. (Rec.Doc. 38).


New Orleans, Louisiana, this 2nd day of January, 2013.




**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**