UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLENN E. ALPHONSE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-0330** |
| **ARCH BAY HOLDINGS, LLC., ET AL.** | **SECTION: "C" (4)** |

# ORDER

Before the Court is Defendant, Specialized Loan Servicing, L.L.C.'s ("SLS"), **Motion to Quash or Modify, or in the Alternative, Motion for Protective Order Regarding the Deposition of Dean Morris**, LLP (**R. Doc. 77**); and third party, Dean Morris, L.L.P.'s **Motion to Quash or Modify, or in the Alternative, Motion for Protective Order Regarding the Deposition of Dean Morris**, LLP (**R. Doc. 80**).

SLS and Dean Morris seek an Order from this Court quashing or modifying Plaintiff, Glenn Alphonse, Jr.'s Subpoena and Supplemental Notice of Deposition of Dean Morris in order to prevent Plaintiff from accessing documents which are protected by the attorney-client privilege. *See* R. Doc. 77; R. Doc. 88. In the alternative, SLS and Dean Morris seek a protective order pursuant to Federal Rule of Civil Procedure Rule 26(c) to prevent Plaintiff from accessing testimony and/or documents protected by the attorney-client privilege. *See Id*.

Plaintiff opposed the motion. *See* R. Doc. 85. The motion was heard by oral argument on August 13, 2014 and the Court ordered SLS and Dean Morris to submit the purported privileged

documents for *in camera* review.

**I.     Background**

This action arises out of the foreclosure of Plaintiff's home in Tammany Parish, Louisiana. *See* R. Doc. 1. The Plaintiff secured a mortgage loan from WMC Mortgage Corporation, who later assigned the mortgage note to Arch Bay Holdings, L.L.C. - Series 2010B ("Series 2010B"). *See* R. Doc. 55. In 2010, Alphonse defaulted on his mortgage and Series 2010B filed a petition to Enforce Security Interest by Executory Process to initiate the foreclosure proceedings. *Id.* The petition was granted and the state court issued an order authorizing the issuances of a writ of seizure and sale. *Id*. During the foreclosure proceedings, Series 2010B assigned the mortgage note to Deutsche Bank Trust Company ("Deutsche Bank") in 2011 and the home was sold at an auction in 2012. *Id*.

The Plaintiff initially filed this action in February 2012 against Defendants Arch Bay Holdings, L..L.C. ("Arch Bay"), Deutsche Bank, and SLS. *See* R. Doc. 1.The first complaint alleged Arch Bay, Deutsche Bank, and SLS engaged in unfair trade practices in violation of Louisiana Unfair Trade Practices Act ("LUTPA"), pursuant to La. Rev. Stat. § 1401. *Id.* Plaintiff also alleged Arch Bay engaged in unfair debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA"), pursuant to 15 U.S.C. §1692(a). *Id.* On July 30, 2012 the original complaint was dismissed after the Court determined the *Rooker-Feldman* doctrine barred it from reviewing the state court judgment ordering a writ of seizure and sale of property. *See* R. Doc. 31. The Court further held that the Plaintiff's claims under FDCPA and LUTPA were not barred by *Rooker-Feldman*, and the Plaintiff was permitted to amend its complaint. *See* R. Doc. 31; R. Doc. 33.

On January 3, 2013, the Court granted the Defendants' motion to dismiss all claims asserted

by Plaintiff in the Amended Complaint. *See* R. Doc. 47. The Court held that the *Rooker-Feldman* doctrine deprived the court of jurisdiction to review the state court judgment and because the claims against Arch Bay and SLS were so inextricably intertwined with the state court judgment, it did not have jurisdiction over those claims. *Id.* The Court alternatively held that res judicata barred the LUTPA claims against Arch Bay. After disposition of the case, the Fifth Circuit decided *Truong v. Bank of America*, which held that a federal court's jurisdiction is not prohibited under the *Rooker-Feldman* doctrine unless the plaintiff seeks to overturn the state court judgment. *See Truong v. Bank of America*, 717 F.3d 377, 381-83 (5th Cir. 2013). On appeal, the Fifth Circuit reversed and remanded the district court's decision pursuant to *Truong*.

As to the instant motion, SLS and Dean Morris allege that the Plaintiff's Subpoena and Supplemental Notice of Deposition of Dean Morris is impermissibly broad because it seeks testimony and documents that are protected under attorney client privilege. *See* R. Doc. 77. SLS and Dean Morris allege that all the communications between SLS and Dean Morris are protected under the attorney-client privilege. *Id.* According to the parties, SLS was acting as a representative of the client Series 2010B when it obtained the legal services of Dean Morris. *Id.* The moving parties further allege that SLS did not waive the attorney-client privilege. *Id.* Accordingly, SLS and Dean Morris filed the instant motion seeking an order from this Court quashing or modifying the Plaintiff's subpoena to restrict the production of communications protected by the attorney-client privilege.

## II. **Standard of Review**

Federal Rule of Civil Produce 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). Rule 26 specifies that "[r]elevant information need not be admissible at the trial if the discovery

appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Rule 26(b)(2)(C). In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Rule 26(b)(3) provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party in its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." *Id.* However, such materials may be discoverable when allowed by Rule 26(b)(1), or when a party shows a "substantial need" for the information and when obtaining the information by another means would pose an "undue hardship." *Id.*

### III. Analysis

SLS and Dean Morris argue that attorney-client privilege applies to seven of the topics of deposition contained in the Plaintiff's Notice of Deposition for Dean Morris. *See* R. Doc. 77. The seven topics SLS and Dean Morris contend are privileged relate to all communications between SLS and Dean Morris regarding Glenn Alphonse, Jr. or the property at issue in the foreclosure. *Id.* SLS and Dean Morris also contend that the documents Plaintiff requests for production are also privileged. *Id.* These documents include all records in respect to Glenn Alphonse, Jr., the property at issue in the foreclosure, and the foreclosure proceedings. *Id.*

SLS and Dean Morris also argue that the attorney-client privilege has not been waived as to the topics for deposition and the subpoenaed documents. *Id.* Furthermore, SLS and Dean Morris argue that SLS can invoke attorney-client privilege as a representative of the client Series 2010B under the Louisiana Code of Evidence, which they argue applies in this case because there are only state law causes of action. *Id; See* Fed. R. Evid. 501 (stating "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision").

Plaintiff argues against the attorney-client privilege and contends that he does not seek to inquire into litigation strategy, secret deliberations, or ask about proprietary dealings between Dean Morris and its client. *See* R. Doc. 85. Plaintiff contends that attorney-client privilege has been waived as to the information sought because SLS allegedly disavowed knowledge of the documents at issue and effectively proclaimed "my lawyer made me do it." *Id*. By allegedly claiming advice of counsel, Plaintiff argues that the Defendants put the documents in issue and waived the privilege. *Id.* Plaintiff goes on to dispute SLS and Dean Morris' claim that SLS can invoke attorney-client privilege as a representative of Series 2010B.

Plaintiff argues that the Louisiana Code of Evidence does not apply because there is still a federal question cause of action. *Id.* Therefore, Plaintiff clams the Federal Rules of Evidence should apply.

During oral argument, the Court determined that a common interest existed between SLS and Series 2010B to confer standing on SLS to assert attorney-client privilege. *See Ferko v. Nat'l Ass'n For Stock Car Auto Racing, Inc.*, 219 F.R.D. 403, 406 (E.D. Tex. 200) (explaining that common interest doctrine exist to protect communications between parties and attorneys that share a common legal interest). After discussing waiver, the Court concluded that SLS and Dean Morris did not waive the attorney-client privilege because advice of counsel was never put at issue as a claim or defense in the underlying action. *See Dixie Mill Supply Co., Inc. v. Cont'l Cas. Co.*, 168 F.R.D. 554, 556-57 (E.D. La. 1996) (citing *Smith v. Kavanaugh, Pierson & Talley*, 513 So.2d 1134, 1141 (La. 1987)) (noting that relevancy of attorney-client privilege to a claim or defense does not by such waive the attorney-client privilege). Upon finding standing and lack of waiver, the Court ordered an *in camera* review of the documents SLS and Dean Morris argue are privilege. The parties were to submit a privilege log pursuant to Federal Rule of Civil Procedure 26 and the documents for inspection.

The attorney-client privilege exists for the purpose of encouraging a client to make a full disclosure to his or her attorney. *See Fisher v. United States*, 425 U.S. 391, 403 (1976). The privilege prevents an attorney from disclosing any information, either voluntarily or by compulsion, conveyed to him by the client for the purpose of seeking legal advice. *See id.* The attorney-client privilege shields "communications from the lawyer to the client, at least if they would tend to disclose the client's confidential communications." *Crosby v. Blue Cross Blue Shield of La.,* 2012

6

WL 5450040, at *6 (Nov. 7, 2012); citing *Hodges, Grant & Kaufman v. United States Government,* 768 F.2d 719, 720–21 (5th Cir.1985). "The application of the attorney-client privilege is a question of fact, to be determined in light of the purpose of the privilege and guided by judicial precedents." *Id. See United States v. Neal*, 27 F.3d 1035, 1048 (5th Cir.1994). "The involvement of an attorney is not dispositive of the 'in anticipation of litigation' issue. Nevertheless, involvement of an attorney is a highly relevant factor." *Transocean Deepwater, Inc. v. Ingersoll–Rand Co.*, No. 08–448, 2010 WL 5374744, at *3 (E.D. La.2010).

Courts generally "construe the privilege narrowly because assertion of privileges inhibits the search for truth." *S.E.C. v. Microtune, Inc.*, 258 F.R.D. 310, 315 (N.D. Tex. 2009) (citation omitted). The privilege can extend to all situations in which counsel is sought on a legal matter, but it protects "only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege."*Fisher,* 425 U.S. at 403. Further, documents prepared for review by both legal and nonlegal staff are not privileged, because the documents cannot be said to have been made for the primary purpose of seeking legal advice. *See United States v. Chevron*, No. C 94–1885 SBA, 1996 WL 444597, at *2 (N.D. Ca. May 30, 1996); *United States v. International Business Machines Corp.*, 66 F.R.D. 206, 213 (S.D.N.Y. 1974).

After an *in camera* review of the documents Dean Morris asserts are protected by attorney-client privilege, the Court has determined that none of the documents are subject to the privilege. These documents were not made for the primary purpose of rendering or seeking legal advice. Furthermore, the Court finds that any other information that is not regarding an opinion, including documents already reviewed, are not deemed privilege. Therefore, the Court finds that these documents should be produced to Plaintiff. As to the topics of deposition, the Court also finds that

they are not subjected to attorney-client privilege. The deposition topics are related to the same information sought in the subpoena for documents and unless they regard an opinion, the privilege does not apply.

**IV.** **Conclusion**

Accordingly,

**IT IS ORDERED** that SLS's **Motion to Quash or Modify, or in the Alternative, Motion for Protective Order Regarding the Deposition of Dean Morris**, **LLP** (R. Doc. 77), and Dean Morris' **Motion to Quash or Modify, or in the Alternative, Motion for Protective Order Regarding the Deposition of Dean Morris**, **LLP** (R. Doc. 80) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff, Glen Alphonse, Jr. may retrieve the documents on **Wednesday, August 27, 2014** from the undersigned United States Magistrate Judge's Chambers located at 500 Poydras Street, Room B-431, New Orleans, Louisiana.

New Orleans, Louisiana, this <u>19th</u> day of August 2014

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**