UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GLENN E. ALPHONSE, JR.                    CIVIL ACTION

VERSUS                                     NO. 12-330

ARCH BAY HOLDINGS, LLC, ET AL              SECTION "C" (4)

ORDER AND REASONS

This matter comes before the Court on the issue of subject matter jurisdiction. Having considered the record, the memoranda of counsel and the law, the Court orders that Arch Bay Holdings, L.L.C. ("Arch Bay") and Specialized Loans Servicing, L.L.C. ("SLS") provide information relative to their citizenship for the following reasons.

This lawsuit was filed in February 2012 and alleges violations of the the Federal Debt Collection Practices Act ("FDCPA") and Louisiana Unfair Trade Practices Act ("LUTPA"). Background facts are set forth in the Fifth Circuit opinion in this matter, 548 Fed. Appx. 979 (5th Cir. 2013).

When the Court ruled on the defendants' first motion to dismiss in July 2012 and allowed the plaintiff an opportunity to amend his complaint, it stated that it "will need to revisit the issue of subject matter jurisdiction in the event that plaintiff's claims under the FDCPA are dismissed," and that "[i]f that need arises, this Court will need the citizenship of the defendants specified in accordance with the rule set forth in *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)." Rec. Doc. 31. It ordered that

"[f]acts relevant to citizenship should be specifically pled in any amendment." The amended complaint did not provide this information, however. Rec. Doc. 33.

On the defendants' second motion to dismiss in January 2013, this Court dismissed all claims and the plaintiff appealed. 2013 WL 55911 (E.D.La). On appeal, the Fifth Circuit acknowledged that the plaintiff did not "press" the dismissal of his FDCPA claims on appeal and considered only the dismissal of LUTPA claims against Arch Bay and SLS. 548 Fed. Appx. at 981. Under the waiver doctrine, an issue that could have been raised on appeal but was not raised are barred from consideration on remand. *Medical Center Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011). Therefore, any challenge to the dismissal of the FDCPA claims has been forfeited by the plaintiff and those claims are not mentioned in his opposition to the defendants' motion for summary judgment. Rec. Doc. 84. The viability of the LUTPA claims on remand require application of Louisiana choice-of-law rules in conjunction with Louisiana *res judicata* rules.

Recently, in reviewing the defendants' motion for summary judgment, the Court discovered the noncompliance with its 2012 order that the citizenship of the parties be provided in the amended complaint. It ordered the parties to brief the issue whether diversity jurisdiction exists. Rec. Docs. 104, 111. The plaintiff's response indicates that

in 2014 the defendants objected to his discovery requests regarding their citizenship and that "it is unlikely" that any defendant is a Louisiana citizen. Rec. Doc. 119. Instead of providing information relative to their citizenship and without affirmatively stating that they were familiar with the citizenship of the defendants, the two defendants "stipulated" with each other that diversity of citizenship existed, challenged the existence of the jurisdictional minimum and argued that, in any event, the Court should maintain supplemental jurisdiction under 28 U.S.C. § 1367.[1] Rec. Doc. 118. The Court continued the trial and stayed this matter.

The Court is presented with a record in which the parties have ignored its July 2012 directive that the citizenship of the defendants be provided in any amended complaint. The Court's concern that only state law claims would remain has been realized, and the remaining issues are uniquely dependent on the interpretation of Louisiana law.

Although the plaintiff properly sought the necessary information subsequent to the amended complaint, he provides no explanation as to why he did not file motions to compel the information required by the Court. More egregious, however, is the

---

[1] The Court is not persuaded by the defendants' citation to *Smith v. Ashland, Inc.*, 250 F.3d 1167, 1171-72 (8th Cir. 2001) as authority for the sufficiency of a stipulation for establishing diversity of citizenship. The Court's reading of that case indicates that the corporation in that case identified its state of incorporation and principal place of business. *Id.* at 1172.

defendants' response.  Although they argue in their motion for summary judgment that the federal claims have been dismissed, they maintain that it is "unfair, uneconomical and inconvenient" for the Court to decline exercising supplemental jurisdiction despite the July 2012 directive.  Rec. Doc. 118 at 5.  The argument does not acknowledge the fact that the defendants actually refused to provide information relative to their citizenship in response to the plaintiff's discovery requests.  The Court recognizes that the parties may prefer to stay in federal court, but the parties were alerted that the Court would require an independent basis for jurisdiction over the now-remaining supplemental state law claims more than two years ago.

In addition, the equities do not lean in favor of retaining jurisdiction in the absence of an affirmative showing that diversity of citizenship exists.  The Court's concern in July 2012 and now is the same: these LUTPA claims ask for the recognition of new claims under Louisiana law and are appropriately presented to a Louisiana state court.

The final issue presented is whether the plaintiff should be allowed an additional opportunity to amend his complaint to properly allege diversity jurisdiction.  The fact that the defendants refused to provide the information to the plaintiff in discovery weighs in favor of considering an additional opportunity, if diversity exists.

4

Accordingly,

IT IS ORDERED that the stay previously imposed is PARTIALLY LIFTED as follows:

1. Each of the defendants shall file into the record a statement containing all information relevant to their citizenship no later than October 8, 2014. The parties shall file any supplemental memoranda directed to the issue of subject matter jurisdiction at that time.

2. The parties shall meet with Magistrate Judge Roby for settlement discussions.

New Orleans, Louisiana, this 24th day of September, 2014.

HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT